IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01980-BNB

IVORY GREATHOUSE, JR.,

    Plaintiff,

v.

AMERIQUEST MORTGAGE,
OLYMPUS MORTGAGE, and
CHASE MANHATTAN BANK,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2006

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ivory Greathouse, Jr., initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and a complaint for money damages. Mr. Greathouse has been granted leave to proceed pursuant to § 1915.

The Court must construe the complaint liberally because Mr. Greathouse is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Greathouse will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Greathouse fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). In addition, his complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Greathouse merely alleges that in August 2003 his son quit claimed to him property at 2984 Birch Street in Denver, Colorado; that he has been unable to obtain the deed to the property from Olympus Mortgage in order to refinance the property; that he has

been defrauded by Ameriquest and its attorneys; that the defendants have filed false documents in an attempt to raise the price of the property in excess of $100,000; and that a false foreclosure action was initiated against Roslyn D. Pruitt. He fails to allege the reason or reasons he is suing each defendant. He also fails to demonstrate how his assertions constitute a federal claim.

It is Mr. Greathouse's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendant nor the Court is required to do this work for him. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Greathouse should be given an opportunity to file an amended complaint that clarifies his claims and the basis for this Court's jurisdiction. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Greathouse file **within thirty (30) days from he date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

Case 1:06-cv-01980-ZLW    Document 8    Filed 11/13/06    USDC Colorado    Page 4 of 5

FURTHER ORDERED that the clerk of the Court mail to Mr. Greathouse, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Greathouse fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 13, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01980-BNB

Ivory Greathouse, Jr.
2984 Birch St.
Denver, CO 80207

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 11/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk